J-S27045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEON T. GARLAND | : | |
| | : | |
| Appellant | : | No. 2598 EDA 2023 |

Appeal from the PCRA Order Entered September 5, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0907481-1973

BEFORE: LAZARUS, P.J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED DECEMBER 13, 2024**

Appellant, Leon T. Garland, appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing without a hearing his petition for *habeas corpus* relief, filed pursuant to Article I, § 14 of the Pennsylvania Constitution, as an untimely ninth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. After careful consideration, we affirm.

In ***Commonwealth v. Garland***, No. 734 EDA 2017, 2018 WL 1904369 (Pa. Super. filed April 23, 2018), this Court reviewed the denial of Appellant's seventh PCRA petition and noted the following relevant procedural history existing at that time:

> On May 1, 1974, a jury convicted Appellant of first-degree murder and criminal conspiracy, and he was subsequently sentenced to

---

[*] Former Justice specially assigned to the Superior Court.

life incarceration, without the possibility of parole. On December 1, 1977, our Supreme Court affirmed Appellant's judgment of sentence. *Commonwealth v. Garland*, 380 A.2d 777 (Pa. 1977). In the Court's published opinion in *Garland*, it summarized the facts underlying Appellant's convictions, as follows:

> According to [A]ppellant's confession, in the early evening of August 21, 1973, he was informed that Leroy Skinner, the victim, was standing outside [A]ppellant's home in Philadelphia, flicking a knife. Appellant and his co-defendant, Tyrone Pearsall, went looking for the victim and found him standing on 24th Street near Dickerson Street. The victim ran into a bar. As [A]ppellant and Pearsall entered the bar, [A]ppellant handed a gun to Pearsall, who fired one shot at the victim. As the victim ran out of the bar, both Pearsall and [A]ppellant gave chase. Pearsall continued firing at the victim. Appellant then took the gun and fired one shot. Skinner was subsequently pronounced dead at Graduate Hospital. An autopsy revealed that the cause of death was three gunshot wounds to the trunk.

*Id.* at 778.

After our Supreme Court affirmed Appellant's judgment of sentence in *Garland*, Appellant did not file a petition for writ of *certiorari* with the United States Supreme Court. Therefore, his judgment of sentence became final on March 1, 1978, ninety days after the Court's decision in *Garland*. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).

Over the next three decades, Appellant filed six PCRA petitions, all of which were denied. On March 29, 2013, he filed his seventh, *pro se* petition. [The PCRA court issued an order pursuant to Pa.R.Crim.P. 907 dismissing the petition as untimely.]

*Commonwealth v. Garland*, No. 734 EDA 2017, 2018 WL 1904369, at *1 (Pa. Super. Ct. Apr. 23, 2018).

In affirming the order denying Appellant's seventh petition as untimely, this Court considered Appellant's argument that, *inter alia*, he should be given the opportunity to demonstrate at a hearing that new exculpatory witnesses and documentary evidence could not have been obtained earlier by reasonable investigation and, if considered, would have changed the outcome of his criminal trial. Specifically, Appellant claimed he presented "newly discovered evidence" meeting the exception to the PCRA time bar in several respects.

First, Appellant argued that his co-defendant, Tyrone Pearsall, had submitted an affidavit stating that during the time and day of the shooting, Pearsall was the one who "had the gun that night which killed [the victim]. . . . [Appellant] had nothing to do with the shooting on that day. . . . I made this same statement on the day of my arrest." Pearsall subsequently signed a confession making these same points. *Id.* at *3. Neither Pearsall's affidavit nor his confession was admitted at Appellant's trial. Appellant posited that his jury would not have convicted him of murder or conspiracy if it had heard this evidence.

Second, Appellant argued that a key eyewitness who testified Appellant handed him a gun on the night of the victim's murder provided such testimony while suffering a long-term mental disability caused by ingesting a hallucinogenic drug. Both his mental faculties and long-term memory were compromised. *Id.*

Third, a key Commonwealth witness who told police Appellant had claimed responsibility for the shooting and given him the gun, and who later testified that Appellant told him about the murder, had "prior convictions which were not disclosed to the attorney for [Appellant, and] could not have been obtained by the defense with due diligence because they occurred while [the witness] was a minor and his juvenile records were sealed." *Id*.

The PCRA court determined that none of the three new "new facts" qualified as a timeliness exception:

> Tyrone Pearsall's testimony does not satisfy the "newly discovered fact" exception, as [Appellant] admits in his petition that the same information was provided to police on the day of Pearsall's arrest [] decades ago. Further, the averments contained in [Appellant's] petition related to Clarence Barnes and Michael Hill are devoid of key information. There are no documents supporting the averments, no affidavits, and no information as to how or when [Appellant] learned of this information or why it could not have been discovered earlier with reasonable diligence.
> PCRA Court Opinion, 2/3/17, at 2 (unnumbered).

*Id.* at *4

This Court ascertained no abuse of discretion in the PCRA court's decision. Particularly, we rejected Appellant's proffer of cohort Pearsall's affidavit as simply a new source of a previously known fact, one known to Appellant over forty years earlier:

> Appellant admits that over 40 years ago, Pearsall signed a written confession containing the same information as set forth in his 2013 affidavit. However, Appellant argues that "***the affidavit*** of [ ] Pearsall was unknown to" him until recently. Appellant's Brief at 19 (emphasis added). As our Supreme Court has made clear, "a petitioner must allege and prove previously unknown 'facts,' not merely a 'newly discovered or newly willing source for

- 4 -

> previously known facts.'" ***Commonwealth v. Edmiston***, 65 A.3d 339, 352 (Pa. 2013) (citations omitted). Because here, Appellant is attempting to meet the exception of section 9545(b)(1)(ii) with only a new source (Pearsall's affidavit) of a previously known fact (that Pearsall claimed Appellant had no involvement in the shooting), his argument does not satisfy the timeliness exception.

***Id.*** at *4.

Accordingly, we concluded that the PCRA court committed no error in determining Appellant failed to satisfy the timeliness exception of Section 9545(b)(1)(ii), and we affirmed the order denying Appellant's petition without a hearing.

Turning to the serial petition and amended petition that constituted Appellant's eighth PCRA petition and served as the prelude for his ninth PCRA petition from which present appeal springs, we note that on December 29, 2020, Appellant filed a *pro se* "Motion for Writ of *Habeas Corpus*," which he supplemented with an amended *habeas corpus* petition on March 18, 2021. In the two *habeas* filings, he challenged the evidence of his guilt with claims that he was not indicted by a grand jury, was arrested without probable cause, and was coerced into giving a confession to the police after his illegal arrest. He raised additional claims that the trial court erred when it denied his motion to suppress, denied his request to call co-defendant Pearsall to the stand, rejected Appellant's mid-trial offer to plead guilty, and gave an allegedly incorrect instruction on accomplice liability.

Addressing such issues, the PCRA court construed both petitions for writ of *habeas corpus* as serial PCRA petitions filed pursuant to Section 9542,[1] and it focused on whether the facially untimely petitions raised and proved an exception to the PCRA time-bar that would permit review on the merits.

On the question of whether an exception to the time bar was pled and proven in Appellant's petitions, the Commonwealth filed a Motion to Dismiss in which it maintained that Appellant at best suggested an exception for only one claim and failed to invoke an exception for the remaining claims. One may infer, the Commonwealth allowed, that Appellant at least alleged superficially a new fact exception to gain review of his challenge that insufficient evidence supported his conviction. In relevant part, Appellant's allegation of newly discovered fact stated:

_____

[1] The scope of the PCRA is defined in Section 9542:

> This subchapter provides for an action by which ... persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose ..., including habeas corpus ...

42 Pa.C.S.A. § 9542.

Section 9542 "subsumes the [remedy] of *habeas corpus*," and further clarifies that the writ of *habeas corpus* is only available in cases where there is no remedy under the PCRA. **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013) (citation omitted). Accordingly, an issue that is cognizable under the PCRA "must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013) (citations omitted).

> [S]ince Petitioner filed his above-said petition and motion, he has discovered evidence that show[s] he was arrested without probable cause and the victim was shot and killed on the highway contrary to the suppression court's conclusions of law and Petitioner's alleged voluntary self-incriminating statement that "falsely" states that Petitioner fired a shot at the victim in the bar and his codefendant [Pearsall] shot the victim in the bar (*i.e.*, the attached Complaint show [sic] that Petitioner was arrested without a warrant issued, and *i.e.* there was no affidavit of probable cause accompanying the Complaint; the attached Indictments show that Petitioner was indicted in September 1973 after Petitioner had been arrested without probable cause and was "falsely" accused of shooting and killing the victim on the highway in company with another, and was thus charged with murder, criminal conspiracy, and VUFA based on his "false" incriminating statement that he was forced to make as indicated by Petitioner's counsel at trial and as can reasonably [be] inferred from the Adjudication of Motion to Suppress attached hereto, indicating that after Petitioner asserted his innocence he was given a lie detector test and then still questioned until he allegedly voluntarily gave two (2) more statements admitting his participation in the incident).

Appellant's Motion for Writ or Order to Show Cause, 12/29/20, at 2-3.

According to the Commonwealth, the problem with Appellant's petition asserting his recent discovery of "facts" supporting claims he was unlawfully arrested and confronted with false evidence at his suppression hearing was that such facts consisted of nothing more than exhibits of his arrest warrant, grand jury indictments, a copy of the trial court's order denying his pretrial motion to suppress, and other documents filed of record and available to Appellant and his prior counsel many decades ago. Further problematic, the Commonwealth noted, was that Appellant's petition relied on excerpts from the notes of testimony from his criminal trial. Not only was Appellant present and represented by counsel at his trial, the notes of testimony and the facts

expressed therein by witnesses also have been known and available to him for decades. Therefore, the Commonwealth argued, because Appellant had failed to identify a new fact that was unknown and unavailable to him at the time of trial or during the pendency of his first PCRA petition, he could not establish an exception to the PCRA time bar to permit merits review of his eighth petition.[2]

On August 2, 2021, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that Appellant's eighth petition for post-conviction relief would be dismissed in 20 days without further proceedings and that any response to the notice must be received within 20 days. Appellant filed a *pro se* response reiterating the issues raised in his petitions and requesting an extension of time to offer further response. By order of September 13, 2021, the PCRA granted Appellant's motion for an extension of time in which to respond and ordered Appellant to file his response to the court's Rule 907 notice no later than December 1, 2021.

In the PCRA court's December 3, 2021, opinion and order dismissing Appellant's *habeas* petitions as untimely PCRA petitions, it rejected Appellant's attempt to avoid the PCRA time-bar by alleging his issues stemmed from newly discovered facts. The petitions, the court concluded, relied on facts "that [were] used prior to, during, and after the time of trial. [Appellant]

_____

[2] Even if the time-bar did not apply, the Commonwealth argued in the alternative, Appellant's issues pertaining to evidentiary rulings were either waived by failure to raise them on direct appeal or previously litigated on direct appeal. Commonwealth's Motion to Dismiss, 7/26/21, at 10-12.

failed to produce any newly discovered evidence to satisfy the exception to the statutory time bar." PCRA Court Opinion, 12/3/21, at 2.

On December 14, 2021, eleven days after the PCRA court had filed its Rule 907 order and opinion dismissing Appellant's eighth PCRA petition as untimely, Appellant filed an "Amended Petition for Writ of *Habeas Corpus* in Response to Rule 907 Notice to Dismiss", which the PCRA court advised would be treated as a subsequent PCRA petition, Appellant's ninth. The crux of this petition is that only by the assistance of a friend—Daryl Cook, who filed motions on his behalf requesting production of documents from the Commonwealth and notes of testimony from Appellant's court proceedings— did Appellant manage to mount his eighth, and now his ninth, PCRA challenge.

According to the PCRA court, however, Appellant's instant PCRA petition neither pleads nor proves a "newly discovered fact" that would qualify for an exception under the PCRA. That is, Appellant does not establish that the documents upon which he relies constitute or reveal newly discovered facts and that they were not discoverable through an earlier act of due diligence occurring more than one year prior to the date on which Mr. Cook had asked for such documentation:

> This second or subsequent petition is untimely and does not plead and prove any exception to the PCRA's time-bar. In an attempt to establish the newly discovered fact exception, 42 [Pa.C.S.A.] § 9545(b)(1)(ii)[], Petitioner appears to be trying to raise a claim that he was arrested without probable cause to circumvent the time bar. *See* PCRA Petition, 12/14/2021, at 14. Raising a claim that has been previously waived cannot establish an exception to the time bar. *See* 42 [Pa.C.S.A.] § 9543(3), *see also* 42

[Pa.C.S.A.] 9544(b) stating any claim that could have been raised at trial or on appeal, or in a previous PCRA petition but was not, is deemed waived). Thus, Petitioner does not demonstrate [his claim presents] a newly discovered fact. []

Additionally, Petitioner attempts to establish the newly discovered fact exception [] by alleging he was unlawfully detained by police.[fn] *See* PCRA Petition 12/14/2021 at 14. As Petitioner was present while interacting with the police, the facts underlying this claim cannot be a previously unknown fact. Thus, Petitioner does not demonstrate that is a newly discovered fact.

---

Fn. Petitioner submits a variety of documents, including what appear to be excerpts of transcripts of court proceedings as well as police records to substantiate this fact. *See id.* at 21-56 (unpaginated).

---

Also, Petitioner fails to articulate when he learned of the unlawful detention. Petitioner only states that his friend, Daryl Cook, informed him of this fact after reviewing Petitioner's case. See PCRA Petition, 12/14/2021, at 4. Thus, Petitioner does not show that he raised this claim in a timely fashion. *See* 42 [Pa.C.S.A.] § 9545(b)(2).

Therefore, Petitioner has failed to successfully invoke any exception, and the order dismissing his petitions should be affirmed.

PCRA Court Opinion, 9/5/2023, at 1-2. This timely appeal followed.

Appellant raises one issue for this Court's consideration:

Did the Trial Court/PCRA Court err and abused [sic] its discretion in treating Appellant's "habeas corpus" petition as a PCRA petition and/or in dismissing it as an untimely PCRA petition?

Brief of Appellant, at 1.

- 10 -

Our standard of review of an order dismissing a PCRA petition is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Appellant first contends the PCRA court erred when it treated his self-titled *habeas corpus* petition as a PCRA petition subject to the timeliness provisions of the PCRA statute. We may readily dispose of this argument by reference to this memorandum decision's footnote one, *supra*, which sets forth settled jurisprudence acknowledging that Section 9542 of the PCRA subsumes the remedy of *habeas corpus* when the issue raised in the petition is cognizable under the PCRA. **See Turner**, **supra** and **Taylor**, **supra**. As there is no serious dispute that the PCRA provides a remedy for the newly discovered fact challenge Appellant raised in his present and previous petitions, we conclude the PCRA court correctly construed the present petition as a PCRA petition.

We turn, then to whether this Court has jurisdiction under the PCRA to engage in merits review. Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or the expiration of time for seeking such review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

As noted in recounting the lengthy procedural history of this matter, Appellant's judgment of sentence became final over four decades ago, and the present PCRA petition, his ninth, is facially untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1):

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

The PCRA court determined that Appellant's ninth petition was untimely and he failed to satisfy a timeliness exception. The PCRA court's findings and analysis, discussed *supra*, are supported by the record and free from legal error. Therefore, as our review confirms that Appellant's petition is patently untimely without meeting any exception to the PCRA's one-year time bar, this Court finds no grounds to disturb the PCRA court's conclusion.

Accordingly, we affirm the PCRA court's holding that Appellant's PCRA petition is untimely without meeting any timeliness exception, and we conclude that neither the PCRA court nor this Court has jurisdiction to review the merits of his untimely petition. **See Commonwealth v. Cox**, 146 A.3d 221, 231 (Pa. 2016) (holding that where a petition is untimely and the petitioner has failed to satisfy an exception to the PCRA's time bar, "no court could have jurisdiction to reach the merits of the issue[s] ... raised therein").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/13/2024</u>